UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TAYLOR, | No. 2:24-cv-00403-DAD-CKD (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION |
| GORDAN, et al., | |
| Defendants. | (Doc. No. 26) |

Plaintiff Arthur Taylor is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 25, 2025, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and issued findings and recommendations recommending that this action be dismissed, without leave to amend, due to plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. No. 26.) In particular, the magistrate judge observed that many of plaintiff's allegations are "either vague or incomprehensible" and "[n]othing in plaintiff's [FAC] amounts to a claim upon which plaintiff can proceed." (*Id.* at 1–2.) In plaintiff's FAC, he alleges that he has suffered cruel and unusual punishment and describes "a single instance of his outgoing legal mail being opened, being threatened with prisoner

1

1  disciplinary proceedings and, following a search, food being confiscated and thrown on the
2  ground." (*Id.* at 1.) The magistrate judge concluded that "nothing [plaintiff] alleges approaches a
3  violation of the Eighth Amendment" because "[d]e minimus harm, such as that described by
4  plaintiff, is not protected under the Constitution." (*Id*. at 2.) Those pending findings and
5  recommendations were served on plaintiff and contained notice that any objections thereto were
6  to be filed within fourteen (14) days after service. (*Id.* at 2.) On March 7, 2025, plaintiff filed
7  timely objections to the findings and recommendations. (Doc. No. 12.)

In his objections, plaintiff does not meaningfully address the analysis in the findings and recommendations. Instead, plaintiff rehashes the allegations of his FAC, describing how at one point his lunch was "thr[own] on the floor," he was "threaten[ed] with an 115-RVR," and his "seal[ed] legal mail going out" was opened. (Doc. No. 27 at 2–3.) Plaintiff's objections do not provide any basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on February 25, 2025 (Doc. No. 26) are ADOPTED in full;
2. This action is DISMISSED due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **June 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2